**REED SMITH LLP**
*Formed in the State of Delaware*
Leidy J. Gutierrez, Esq. (084032016)
Diane A. Bettino, Esq. (033241991)
506 Carnegie Center, Suite 300
Princeton, New Jersey 08540
Tel. (609) 520-6014
Fax (609) 951-0824
*Attorneys for Defendant Wells Fargo Bank, N.A. (incorrectly named as Wells Fargo Card Services)*

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Rodney Lee, Private Public Advocate acting on behalf of Bryan McFarlane, <br><br> Plaintiff, <br><br> v. <br><br> Wells Fargo Card Services, <br><br> Defendant. | Civil Action No. <br><br><br> **NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, Defendant Wells Fargo Bank, N.A. (*incorrectly named as Wells Fargo Card Services*)("Wells Fargo") by its attorneys, hereby removes this action from the Superior Court of New Jersey, Middlesex County, Law Division, Special Civil Part, to the United States District Court for the District of New Jersey.  In support of this Notice of Removal, Wells Fargo states as follows:

1. Plaintiff originally commenced this action by filing a Complaint against Wells Fargo in the Superior Court of New Jersey, Law Division, Special Civil Part, Middlesex County, New Jersey, as *Rodney Lee (Private Public Advocate acting on behalf of Bryan McFarlane) v. Wells Fargo Card Services*, Docket No. MID-DC-005259-20.  No further proceedings before the state court have occurred and no proceedings are currently scheduled.

2. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint, the only process, pleading, or order served upon Wells Fargo in this action, is attached hereto as **Exhibit A**.

3. Except for the notice filed with respect to this Notice of Removal, as of the date of this filing, no pleadings, motions, or papers other than the Complaint have been filed with the State Court in this action.

4. As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Wells Fargo has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## GROUNDS FOR REMOVAL

**I.    Wells Fargo Has Satisfied the Procedural Requirements for Removal.**

5. Wells Fargo was served with the Complaint, at a P.O. Box, on or about May 29, 2020.  Accordingly, this Notice of Removal is timely filed, having

been filed within thirty (30) days of the date on which the Wells Fargo was served with Plaintiff's Complaint.  *See* 28 U.S.C. § 1446(b).

6.  The Superior Court of New Jersey, Middlesex County, Law Division, Special Civil Part, is located within the District of New Jersey.  Therefore, venue is proper because the action is being removed to the "district court of the United States for the district and division embracing the place where such action is pending."  *See* 28 U.S.C. § 1441(a).

7.  No previous application has been made for the relief requested herein.

8.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the State Court Clerk.

## II. Removal Is Proper Because This Court Has Subject Matter Jurisdiction.

9.  This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one that may be removed to this Court by Wells Fargo pursuant to 28 U.S.C. § 1441, because Plaintiff alleges that Wells Fargo violated the Truth in Lending Act, 15 U.S.C. § 1641, *et seq*.

10. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and § 1441(b) in that the claims are "founded on a claim or right arising under . . . the laws of the United States[.]"

11. Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal of this action is being immediately filed with the Superior Court of New Jersey, Middlesex County, Law Division, Special Civil Part.

12. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal of this action is being caused to be served upon Plaintiff Rodney Lee and the person he purports to represent, Bryan S. McFarlane.

13. To the extent that any other claims in this action may arise under state law, supplemental jurisdiction over such claims exists pursuant to 28 U.S.C. § 1367.

14. Given that the requirements for federal question jurisdiction are satisfied, this case is properly removed.

**WHEREFORE**, Wells Fargo gives notice that this action is removed from the Superior Court of New Jersey, Middlesex County, Law Division, Special Civil Part to the United States District Court for the District of New Jersey.

**REED SMITH LLP**

Dated: June 23, 2020      By: */s/ Leidy J. Gutierrez*
                              Leidy J. Gutierrez

                          By: */s/ Diane A. Bettino*
                              Diane A. Bettino